**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BUILD-A-BEAR RETAIL MANAGEMENT, INC.,**
**BUILD-A-BEAR WORKSHOP, INC.,**
      **Plaintiffs,**

**-vs-**                       Case No. 6:08-cv-554-Orl-18DAB

**DAVID KHELAWAN, d/b/a The Bear Factory,**
**NARINEE KHELAWAN, d/b/a The Bear Factory,**
**SHOGMANZ GROUP, INC.,**
      **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR DEFAULT JUDGMENT AND INJUNCTION (Doc. No. 41)**
>
> **FILED:**   October 13, 2009
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the Plaintiff be ordered to show cause why the case should not be DISMISSED**.

*Background*

   As set forth in the uncontested motion, Plaintiffs commenced this action on April 11, 2008, against Defendants David Khelawan and Narinee Khelawan d/b/a "The Bear Factory" asserting claims for Federal Trademark Infringement under 15 U.S.C. § 1114 (Claim I), Federal Unfair Competition

under 15 U.S.C. § 1125(a) (Claim II), State Common Law Unfair Competition (Claim III), and Federal Copyright Infringement under 17 U.S.C. §§ 504 and 505 (Claim IV) (hereinafter "Plaintiffs' Complaint"). On May 7, 2008, Defendants David Khelawan and Narinee Khelawan, appearing *pro se,* filed an Answer and Motion to Dismiss Plaintiffs' Complaint, contending that the business had been sold in March 2008 to Shogmanz Group, Inc. (Doc. No. 13). Plaintiffs filed a Response opposing the Motion to Dismiss, and sought leave to amend the Complaint (Doc. Nos. 16, 17). The Court denied the Defendants' Answer/Motion as moot and granted Plaintiffs leave to amend (Doc. No. 18).

On June 20, 2008, Plaintiffs filed their First Amended Complaint against the Khelawans d/b/a "The Bear Factory" and Shogmanz Group, Inc., alleging Federal Trademark Infringement under 15 U.S.C. § 1114 (Claim I), Federal Unfair Competition under 15 U.S.C. § 1125(a) (Claim II), State Common Law Unfair Competition (Claim III), and Federal Copyright Infringement under 17 U.S.C. §§ 504 and 505 (Claim IV) (hereinafter "Amended Complaint") (Doc. No. 19). The Khelawans were served and did not timely answer or otherwise respond. Plaintiffs and the corporate Defendant ultimately entered into a Settlement Agreement wherein Shogmanz Group, Inc. agreed to, and the Court issued, a Consent Judgment and Permanent Injunction (Dos. Nos. 36-38).

On July 15, 2008, the Court issued an Order to Show Cause as to why sanctions should not be imposed against the Khelawans for failing to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement within the time ordered by the Court (Doc. No. 23). Defendants did not file a Response to that Order. On August 27, 2008, the Court issued another Order, directing the Khelawans to respond or a default would be entered (Doc. No. 27). As no Response was timely filed, the Court directed the Clerk to enter a default against these Defendants (Doc. No. 29), and the Clerk obliged (Doc. No. 30).

On September, 28, 2009, the Court entered an Order to Show Cause as to why the case should not be dismissed for Plaintiffs' failure to seek final default judgment pursuant to Fed.R. Civ. P. 55(b)(2) (Doc. No. 39). Plaintiffs filed the instant motion and a Response to the Order to Show Cause (Doc. No. 40), noting that "[s]ince entry of the Clerk's Default, Plaintiffs' counsel have made several attempts to locate Defendants David Khelawan and Narinee Khelawan, but have been unsuccessful." *Id.* The motion for entry of default judgment has been referred to the undersigned and is ripe for resolution.

### *Standards of Law*

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

### *Issues and Analysis*

Plaintiffs' Amended Complaint alleges that Plaintiffs own certain trademarks, service marks, designs, characters, and copyrights of Build-A-Bear Workshop, (hereafter "the Protected Works") and that "Defendants" used certain designs and displays in connection with their sales of plush, stuffed animals and related accessories that are identical or confusingly similar to the Protected Works of Build-A-Bear Workshop. There is no distinction in the Amended Complaint as to the actions of any particular Defendant; all Defendants are referred to collectively. The instant motion does not purport

to seek money damages, and no evidence of any kind has been tendered with the motion. Thus, it appears that Plaintiffs rely solely on the allegations of the Amended Complaint to support entry of a Permanent Injunction.[1] As the corporate Defendant has already been enjoined and the record does not support injunctive relief as to the Khelawans, the Court **respectfully recommends** that the motion be denied.

The Amended Complaint alleges that: "*On information and belief,* Defendants either *formerly* or currently own and operate a Florida business doing business as "The Bear Factory" at the West Oaks Mall, 9401 West Colonial Drive, Suite 728, Ocoee, Florida 34761" (Allegation 11- emphasis added). It further alleges that *"upon information and belief*, Defendants *have and continue to* advertise, market, distribute, ship, transport, sell, and/or offer to sell goods and services relating to plush, stuffed animals and related accessories, throughout the United States—including in and to the Middle District of Florida—in connection with designations that are identical or confusingly similar to the Build-A-Bear Workshop Protected Works."( Allegation 37 - emphasis added). The Court finds these two allegations to be contradictory and unsupported.

Put simply, Plaintiffs have failed to present any evidence sufficient to transform a bare (no pun intended) allegation made on information and belief into a finding of fact. While a consent injunction has been issued with respect to the owner of the Bear Factory, other matters of record rebut any allegation that the Khelawans "have and continue to advertise, market, distribute, ship, transport, sell, and/or offer to sell goods and services relating to plush, stuffed animals and related accessories." In view of the uncontested representations that they had sold the business in March 2008, *prior to* the filing of the Complaint, and in view of counsel's admission that he has been unable to locate the

---

[1] No proposed Permanent Injunction has been tendered, but it appears that Plaintiff wants the Court to enter an order "enjoining Defendants from further infringing on Plaintiffs' Protected Works."(Doc. No. 41 at 19).

Khelawans, there is simply no factual support for Plaintiffs' conclusion that these Defendants are presently infringing any of the Protected Works, or that they intend to do so in the future, if not restrained. The equitable predicate for injunctive relief against these absent Defendants is not evident on these papers.[2]

It is therefore **respectfully recommended** that the motion be **denied** and Plaintiffs be **ORDERED TO SHOW CAUSE** why the claim against the Khelawan Defendants should not be **dismissed**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 30, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] The Court reiterates that Plaintiffs seek no damage award, nor do they present any evidence justifying same. At issue is only present and future conduct and the equitable remedy of an injunction.